# IN THE MICHIGAN COURT OF APPEALS

## ORDER

Re: **People of MI v Lamarr Valdez Robinson**
Docket No. **303261**
L.C. No. **10-006297-01-FC**

Christopher M. Murray, Judge, acting under MCR 7.217 and MCR 7.219(I), orders:

The above appeal is DISMISSED for want of prosecution, appellant having failed to timely file the brief on appeal.

Paul Daniel Curtis (P29737), retained counsel for appellant, shall pay to the Clerk of this Court, within 21 days of the certification of this order, court costs in the sum of $250 for allowing this appeal to appear on the involuntary dismissal docket. Such costs are personal to the attorney and shall not be charged back to the defendant.

The Clerk's Office is directed to mail a copy of this order to defendant, who is advised that MCR 7.217(D) provides a 21-day period in which to move for reinstatement of this appeal on a showing of mistake, inadvertence, or excusable neglect. Such a motion must be filed with this Court within 21 days of the Clerk's certification of this order.



A true copy entered and certified by Larry S. Royster, Chief Clerk, on

NOV - 9 2011

_____
Date

_____
Chief Clerk

Approved, SCAO

Original - Court of Appeals/Circuit Court
1st copy - Trial court

JIS CODE: COA
2nd copy - Appellee
3rd copy - Appellant

| STATE OF MICHIGAN<br>JUDICIAL ☐ CIRCUIT ☐ DISTRICT<br>COUNTY<br>☑ IN THE COURT OF APPEALS | **CLAIM OF APPEAL** | CASE NO.<br>CIRCUIT<br>DISTRICT<br>PROBATE |

Court address                                                    Court telephone no.

| Plaintiff/Petitioner name(s) and address(es)   ☐ Appellant<br>☑ Appellee<br>STATE OF MICHIGAN | v | Defendant/Respondent name(s) and address(es) ☑ Appellant<br>☐ Appellee<br>LAMARR ROBINSON |
| Attorney, bar no., address, and telephone no.<br>WAYNE COUNTY PROSECUTOR<br>1441 St. Antoine, 12th floor<br>Detroit, Michigan 48226<br>(313) 224-5777 | | Attorney, bar no., address, and telephone no.<br>PAUL DANIEL CURTIS(P29737)<br>3000 East Grand Boulevard<br>Detroit, Michigan 48202-3134<br>(313) 331-5265; Fax (313) 864-9840 |

☐ Probate   In the matter of _____
Other interested party(ies) of probate matter

1.  LAMARR ROBINSON _____, claims an appeal from a final judgment or order entered on
    Name
    02/15/2011 _____ in the   Wayne County Third Judicial Circuit _____ Court of the State of Michigan,
    Date                                   Court name and number or county

    by  ☐ district judge   ☑ circuit judge   ☐ probate judge   ☐ district court magistrate

    Hon. Vera Massey-Jones                         P15595
    Name of judge or district court magistrate          Bar no.

    *Check #6234*
    *$ 375.00 μ ℳ*

2.  Bond on appeal is  ☐ filed.  ☐ attached.  ☐ waived.  ☐ not required.
3.  ☑ a. The transcript has been ordered.
    ☐ b. The transcript has been filed.
    ☐ c. No record was made.
☐ 4. THIS CASE INVOLVES A CONTEST AS TO THE CUSTODY OF A MINOR CHILD.

*29 March 2011*                              _____ P29737
Date                                        Appellant/Attorney signature
3000 East Grand Boulevard                   Detroit, Michigan 48202-3234     (313( 331-5265
Address                                     City, state, zip                   Telephone no.

**PROOF OF SERVICE**

I certify that copies of this claim of appeal and bond (if required) were served on

*Paul Daniel Curtis*        on *29 March 2011* by  ☑ personal service.
Name                           Date                  ☐ first-class mail.

*Court of Appeals Clerk*     on *29 March 2011* by  ☑ personal service.
Name                           Date                  ☐ first-class mail.

*Wayne County Prosecutor*    on *29 March 2011* by  ☐ personal service.
Name                           Date                  ☑ first-class mail.

*29 March 2011*                              _____
Date                                        Signature

MC 55   (5/07)   **CLAIM OF APPEAL**                     MCR 4.401(D), MCR 7.101(C), MCR 7.204(D)

| Trial Court/Tribunal Name: | **Court of Appeals, State of Michigan** | CASE NO. Trial Court/Tribunal: |
|---|---|---|
| | **Jurisdictional Checklist** | Court of Appeals: |

Case Name: STATE OF MICHIGAN     v LAMARR ROBINSON

INSTRUCTIONS: Please complete this checklist and file with your claim of appeal. **ALL** of the numbered items are required. Check each box as you confirm that each item is being filed.

☐ 1. A **signed** claim of appeal showing the correct lower court number(s). [MCR 7.204(B)(1) & (D).]

☑ 2. A filing fee of $375.00 or appropriate fee substitute. [MCR 7.202(3) & 7.204(B)(2).] (Where multiple lower court or tribunal numbers are involved, an additional filing fee may be required. Appellants will be advised of any additional amount required.)

☐ 3. A copy of the order you are appealing. [MCR 7.204(C)(1).] (This is the order deciding the merits and not an order denying reconsideration, new trial, or other post-judgment relief.)

☐ 4. Evidence that the necessary transcript has been ordered. [MCR 7.204(C)(2).] (Only one item from a through g is required).

     ☐ a. No transcript will be filed. [MCR 7.204(C)(2) & AO 2004-5 ¶ 8(A)(1).]

     ☐ b. The transcript has already been filed. [MCR 7.210(B)(1)(a).]

     ☑ c. The complete transcript has been ordered. [MCR 7.210(B)(1)(a).]

     ☐ d. This appeal is from a probate court proceeding which does not require a complete transcript. [MCR 7.210(B)(1)(b).]

     ☐ e. A motion has been filed in the lower court or tribunal for submission of the appeal on less than the complete transcript. [MCR 7.210(B)(1)(c).]

     ☐ f. The parties have stipulated to submission of the appeal on less than the complete transcript. [MCR 7.210(B)(1)(d).]

     ☐ g. The parties have stipulated to a statement of facts. [MCR 7.210(B)(1)(e).]

☑ 5. Proof of service demonstrating that all other parties have been served. [MCR 7.204(C)(3).] (***Even if a party is not an appellee, they must be served.***)

☐ 6. A **current** register of actions from the lower court or tribunal. [MCR 7.204(C)(5).]

**Finality of Order Being Appealed** (Check the box that demonstrates your claim of appeal is by right. If neither applies, you do not have an appeal by right.)

☐ The claim of appeal is from an order defined as a final order by MCR 7.202(6) or MCR 5.801(B)(1). [MCR 7.203(A)(1).] Please specify which category of final order applies: Judgment of Conviction

☐ The claim of appeal is from an order which is designated by statute, court rule, or case law as an order appealable by right to the Court of Appeals. Please specify the authority under which you have an appeal by right: _____

_29 March 2011_
Date

Preparer's Signature

6/07

# REGISTER OF ACTIONS
## CASE NO. 10-006297-01-FC

| | | | |
|---|---|---|---|
| **State of Michigan v Lamarr Valdez Robinson** | § § § § § § § § | Location: | **Criminal Division** |
| | | Judicial Officer: | **Jones, Vera Massey** |
| | | Filed on: | **06/14/2010** |
| | | Case Number History: | **10059903-01** |
| | | | **10710606-01** |
| | | Case Tracking Number: | **10710606-01** |
| | | CRISNET/Incident No.: | **1001140390** |

---

### CASE INFORMATION

**Offense**

| | | Deg | Date |
|---|---|---|---|
| 1. | Assault With Intent to Murder | . | 05/13/2010 |
| | Arrest: 05/13/2010 DPHOM - Detroit Pd Homicide | | |
| 2. | Weapons - Firearms - Possession By Felon | . | 05/13/2010 |
| | Arrest: 05/13/2010 DPHOM - Detroit Pd Homicide | | |
| 3. | Weapons Felony Firearm | . | 05/13/2010 |
| | Arrest: 05/13/2010 DPHOM - Detroit Pd Homicide | | |

Case Type: **Capital Felonies**

Case Status: **02/15/2011 Final**

Case Flags: **Habitual Offender**

**Statistical Closures**
01/31/2011 Jury Verdict

**Warrants**
Bench Warrant - Robinson, Lamarr Valdez (Judicial Officer: Lockhart, Steve )
05/29/2010 Warrant Cancelled/Recalled (LC)
Fine: $ Bond: $

---

### PARTY INFORMATION

| | | | *Lead Attorneys* |
|---|---|---|---|
| **Plaintiff** | **State of Michigan** | | **Powell, Jaimie M.** (313) 224-2898(W) |
| | | | |
| **Defendant** | **Robinson, Lamarr Valdez** | | **Washington, Earl S.** (313) 967-5049(W) |
| | *Black Male* | | *Public Defender* |
| | *Other Agency Number: 481864 Detroit Police* | | |
| | *Identification Number* | | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/27/2010 | Recommendation for Warrant | |
| 05/27/2010 | Warrant Signed | |
| 05/28/2010 | Habitual Offender | |
| 05/29/2010 | **Arraignment on Warrant** (Judicial Officer: Lockhart, Steve) *Defendant Stands Mute; Plea Of Not Guilty Entered By Court* | |
| 05/29/2010 | **Plea** (Judicial Officer: Lockhart, Steve) 1. Assault With Intent to Murder Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 05/29/2010 | **Plea** (Judicial Officer: Lockhart, Steve) 2. Weapons - Firearms - Possession By Felon Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 05/29/2010 | **Plea** (Judicial Officer: Lockhart, Steve) 3. Weapons Felony Firearm | |

*Printed on 03/01/2011 at 9:50 AM*

# REGISTER OF ACTIONS
## CASE NO. 10-006297-01-FC

Defendant Stand Mute: Plea of Not Guilty Entered by Court

| | |
|---|---|
| 05/29/2010 | **Interim Condition for Robinson, Lamarr Valdez** (Judicial Officer: Lockhart, Steve) - Cash or Surety $5,000,000.00 |
| 06/08/2010 | *CANCELED* **Preliminary Examination** *Adjourned:At The Request Of The Court* |
| 06/14/2010 | **Preliminary Examination** (Judicial Officer: Jones-Bradley, Vanessa) *Held: Bound Over* |
| 06/14/2010 | Motion to Assign Counsel Filed/Signed |
| 06/14/2010 | Bound Over |
| 06/21/2010 | **Arraignment On Information** (Judicial Officer: Giles, Ronald) Resource: Court Rpt/Rec  3005  Marszalek, Andrea Resource: Courtroom Clerk  C5940  Jones, Liza *Held* |
| 06/21/2010 | **Disposition Conference** (Judicial Officer: Giles, Ronald) Resource: Court Rpt/Rec  3005  Marszalek, Andrea Resource: Courtroom Clerk  C5940  Jones, Liza *Held* |
| 06/21/2010 | Scheduled AOI |
| 06/25/2010 | **Calendar Conference** (Judicial Officer: Jones, Vera Massey) Resource: Court Rpt/Rec  3521  Payne, Janice Resource: Courtroom Clerk  C5929  Craig, Marilyn *06/21/2010         Reset by Court to 06/25/2010* *Held* |
| 06/25/2010 | Refer To Pre-Trial Services For a Bond Review (Judicial Officer: Jones, Vera Massey ) *DUE DATE SID# BOND TYPE: BOND AMOUNT: $* |
| 07/23/2010 | **Final Conference** (Judicial Officer: Jones, Vera Massey) Resource: Court Rpt/Rec  3521  Payne, Janice Resource: Courtroom Clerk  C5990  Banks, LaDonn *Held* |
| 10/13/2010 | **Jury Trial** (Judicial Officer: Jones, Vera Massey) Resource: Court Rpt/Rec  3521  Payne, Janice Resource: Courtroom Clerk  C5929  Craig, Marilyn *Adjourned at the Request of the Defense* |
| 01/26/2011 | **Jury Trial** (Judicial Officer: Jones, Vera Massey) Resource: Court Rpt/Rec  3521  Payne, Janice Resource: Courtroom Clerk  C5929  Craig, Marilyn *In Progress* |
| 01/27/2011 | **Jury Trial** (Judicial Officer: Jones, Vera Massey) Resource: Court Rpt/Rec  3521  Payne, Janice Resource: Courtroom Clerk  C5929  Craig, Marilyn *Held* |

*Printed on 03/01/2011 at 9:50 AM*

# REGISTER OF ACTIONS
## CASE NO. 10-006297-01-FC

01/28/2011     **Jury Trial** (Judicial Officer: Jones, Vera Massey)
       Resource: Court Rpt/Rec 3521 Payne, Janice
       Resource: Courtroom Clerk C5929 Craig, Marilyn
       *In Progress*

01/31/2011     **Jury Trial** (Judicial Officer: Jones, Vera Massey)
       Resource: Court Rpt/Rec 3521 Payne, Janice
       Resource: Courtroom Clerk C5929 Craig, Marilyn
       *Held*

       01/31/2011     Found Guilty By Jury (Judicial Officer: Jones, Vera Massey )

       01/31/2011     Refer to Probation For Pre-Sentence Report (Judicial Officer: Jones, Vera Massey )

       01/31/2011     **Disposition** (Judicial Officer: Jones, Vera Massey)
          1. Assault With Intent to Murder
            Found Guilty by Jury
          2. Weapons - Firearms - Possession By Felon
            Found Guilty by Jury
          3. Weapons Felony Firearm
            Found Guilty by Jury

01/31/2011     **Interim Condition for Robinson, Lamarr Valdez** (Judicial Officer: Jones, Vera Massey)
       **- Remand**

02/15/2011     **Sentencing** (Judicial Officer: Jones, Vera Massey)
       Resource: Court Rpt/Rec 3521 Payne, Janice
       Resource: Courtroom Clerk C5991 Coston, Dorian
       *Sentenced*

       02/15/2011     Sentenced to Prison (Judicial Officer: Jones, Vera Massey )
          *47.5 - 120 years MDOC on AWIM. 2Yrs on FF to be served first. 47.5-120 Years on Poss FA to run concurrent with AWIM time.*

       02/15/2011     **Sentence** (Judicial Officer: Jones, Vera Massey)
          1. Assault With Intent to Murder
            Prison Sentence
            State Confinement:
               Agency: Michigan Department of Corrections
               Effective 02/15/2011
               Term: 47 Yr 6 Mo to 120 Yr

       02/15/2011     **Sentence** (Judicial Officer: Jones, Vera Massey)
          2. Weapons - Firearms - Possession By Felon
            Prison Sentence
            State Confinement:
               Agency: Michigan Department of Corrections
               Effective 02/15/2011
               Term: 2 Yr
               Comment: Time to be served first.

       02/15/2011     **Sentence** (Judicial Officer: Jones, Vera Massey)
          3. Weapons Felony Firearm
            Prison Sentence
            Concurrent, Count CT 1 AWIM
            State Confinement:
               Agency: Michigan Department of Corrections
               Effective 02/15/2011
               Term: 47 Yr 6 Mo to 120 Yr

# REGISTER OF ACTIONS

## CASE NO. 10-006297-01-FC

Credit for Time Served: 264 Days

---

### FINANCIAL INFORMATION

No Financial Information Exists

*Printed on 03/01/2011 at 9:50 AM*

303261

Copy – Corrections
2nd copy – Corrections (for return
3rd copy – Michigan State Police CJIC

4th copy – Defendant
5th copy – Prosecutor
6th copy - Cashier

Approved, SCAO   Original – Court

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO DEPARTMENT OF CORRECTIONS ☐ Amended | CASE NO. 10-006297-01-FC |
|---|---|---|

| ORI MI – 821095J   Police Report No. | Court Address 1441 St. Antoine, Detroit, MI 48226 | Courtroom | Court Telephone No. 313-224-2487 |
|---|---|---|---|

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant name, address, and telephone no. Lamarr Valdez Robinson Alias(es) - 18784 Sunderland Detroit MI 48200 |
|---|---|---|

| | CTN/TCN 10710606-01 | SID | DOB 11/23/1971 |
|---|---|---|---|

| Prosecuting attorney name Jaimie M. Powell | Bar no. 67466 | Defendant attorney name Earl S. Washington | 31383 | Bar no. |
|---|---|---|---|---|

**THE COURT FINDS:**

1. The defendant was found guilty on 01/31/2011 of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 1 | G | | | | ASLT. W/I MURDER | 750.83 |
| 2 | G | | | | POSS FIREARM BY FELON | 750.224F |
| 3 | G | | | | FELONY FIREARM | 750.227B-A |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).  MI-R152488839896

☐ 3. HIV testing and sex offender registration is completed.  Defendant's driver license number

☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐ 5. Probation is revoked.

6. Participating in a special alternative incarceration unit is   ☐ prohibited.   ☐ permitted.

7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 1 | 2-15-2011 | 47 | 6 | 0 | 120 | 0 | | | | |
| 2 | 2-15-2011 | 47 | 6 | 0 | 120 | 0 | | | | |
| 3 | 2-15-2011 | 2 | 0 | 0 | 2 | 0 | 2-15-2011 | 0 | 264 | |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
   ☐ each other.   ☐ case numbers _____

9. Defendant shall pay as follows:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| $ 68.00 x 3 | $ 130.00 | $ | $ 600.00 | $ | $ | $ | $ 934.00 |

The due date for payment is   **at sentencing**  . Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall   suspend for _____ days   permanently revoke   the concealed weapon license, permit number _____   issued by _____   County.

☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 750.520n.

12. Court recommendation: COUNTS 1&2 CONSECUTIVE TO COUNT 3;

February 15, 2011
Date

Judge   VERA MASSEY JONES

15595
Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766 MCR 6.427

CC 219b-3CC – (4/2009) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS

WILLIAM B. MURPHY
CHIEF JUDGE
DAVID H. SAWYER
CHIEF JUDGE PRO TEM
MARK J. CAVANAGH
KATHLEEN JANSEN
E. THOMAS FITZGERALD
HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
WILLIAM C. WHITBECK
MICHAEL J. TALBOT
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS

KIRSTEN FRANK KELLY
CHRISTOPHER M. MURRAY
PAT M. DONOFRIO
KAREN FORT HOOD
STEPHEN L. BORRELLO
DEBORAH A. SERVITTO
JANE M. BECKERING
ELIZABETH L. GLEICHER
CYNTHIA DIANE STEPHENS
MICHAEL J. KELLY
DOUGLAS B. SHAPIRO
AMY RONAYNE KRAUSE
MARK T. BOONSTRA
MICHAEL J. RIORDAN
JUDGES

LARRY S. ROYSTER
CHIEF CLERK



## State of Michigan
# Court of Appeals
### Detroit Office

June 4, 2012

Lamarr Valdez Robinson - #221610
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

      Re: **People of MI v Lamarr Valdez Robinson**
      Court of Appeals No. **221610**
      Lower Court No. **10-006297-01-FC**

Dear Mr. Robinson:

      The Court received your letter dated May 29, 2012, requesting information about this appeal. As you indicate in your letter, this appeal was dismissed by order entered November 9, 2011, for failure to file the required appellant's brief. No motion to reinstate was filed within the 21 days allowed by the court rules. See MCR 7.217(D). Therefore, appeal is closed.

            Very truly yours,

            Jerome W. Zimmer Jr.
            District Clerk

cc: Paul Curtis
    Wayne County Prosecutor

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN 48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN 48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN 48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://coa.courts.mi.gov

WILLIAM B. MURPHY
CHIEF JUDGE
DAVID H. SAWYER
CHIEF JUDGE PRO TEM
MARK J. CAVANAGH
KATHLEEN JANSEN
E. THOMAS FITZGERALD
HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
WILLIAM C. WHITBECK
MICHAEL J. TALBOT
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS



State of Michigan

# Court of Appeals
### Detroit Office

KIRSTEN FRANK KELLY
CHRISTOPHER M. MURRAY
PAT M. DONOFRIO
KAREN FORT HOOD
STEPHEN L. BORRELLO
DEBORAH A. SERVITTO
JANE M. BECKERING
ELIZABETH L. GLEICHER
CYNTHIA DIANE STEPHENS
MICHAEL J. KELLY
DOUGLAS B. SHAPIRO
AMY RONAYNE KRAUSE
MARK T. BOONSTRA
MICHAEL J. RIORDAN
JUDGES

LARRY S. ROYSTER
CHIEF CLERK

December 3, 2012

Lamarr Valdez Robinson - #221610
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

> Re: **People of MI v Lamarr Valdez Robinson**
> Court of Appeals No. **303261**
> Lower Court No. **10-006297-01-FC**

Dear Mr. Robinson:

The Court received your motion requesting the appointment of counsel to pursue reinstatement of this appeal. As you know, this appeal was dismissed on November 9, 2011, and the appeal is now closed. Because the appeal is closed, this Court no longer has any jurisdiction over your case. Therefore, the Court cannot issue an order appointing counsel for you. Also, the appointment of counsel is a matter that is generally handled by the trial court, not this Court. For these reasons, you should address any request for appointment of counsel to the trial court. Your motion is being returned with this letter because we cannot docket it in the closed appeal.

Very truly yours,

Office of the Clerk
Michigan Court of Appeals

cc: Wayne County Prosecutor

Enclosure

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN  48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN  48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN  48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://coa.courts.mi.gov

The following information was also mailed to
Judge Vera Massy Jones & to the 3rd circuit
court administrator

RETURNED

DEC - 3 2012

COURT OF APPEALS
FIRST DISTRICT
LARRY S. ROYSTER
CHIEF CLERK

2012 NOV 29 PM 2:07

RECEIVED

**AFFIDAVIT OF INDIGENCY AND FINANCIAL SCHEDULE**

I request a court-appointed attorney and submit the following information:

**1. RESIDENCE**
☐ Rent  ☐ Own  ☐ Live with parents  ☐ Room/Board  ☑ Prison  _22/610_
Number

**2. MARITAL STATUS**
☐ Single  ☐ Married  ☐ Divorced  ☐ Separated  ☐ Dependents: _____
Number

**3. INCOME**
a. Employer name and address

_None_

b. Length of employment

_N/A_

c. Average pay
☐ weekly  ☐ monthly  ☐ every two weeks
Gross: $ _____   Net: $ _____

d. Other income (state monthly amount and source [DHS, VA, rent, pensions, spouse, unemployment, etc.]) If no income, state NONE.

_A periodic gift from family members_

**4. ASSETS**   State value of car, home, bank deposits, inmate accounts, bonds, stocks, etc. If no assets, state NONE. Attach an account statement and certification for assets in prison accounts.

_None_

RETURNED

DEC - 3 2012

COURT OF APPEALS
FIRST DISTRICT
LARRY S. ROYSTER
CHIEF CLERK

**5. OBLIGATIONS**   Itemize monthly rent, installment payments, mortgage payments, child support, etc.

_Medical co-pay, state court reinbursement, restitutions and personal hygiene_

I understand that I may be required to contribute to the cost of providing my attorney.

_Lamarr V. Robinson_   #22/610
Signature

_Lamarr V. Robinson_
Name (type of print)

_9625 Pierce road_
Address

_Freeland Michigan 48623_
City, state, zip

Subscribed and sworn to before me on _November 28, 2012_ , _Saginaw_ County, Michigan
                                              Date

My commission expires: _8/9/2015_   Signature: _L Stoltenbuy_
                          Date                        Notary public

Notary public, State of Michigan, County of _Midland_

Approved, SCAO

Original - Trial court
1st copy - Prosecutor
2nd copy - Defendant/Juvenile for return
3rd copy - Defendant/Juvenile

| STATE OF MICHIGAN JUDICIAL CIRCUIT Wayne COUNTY *Court of Appeals* | NOTICE OF RIGHT TO APPELLATE REVIEW AND REQUEST FOR APPOINTMENT OF ATTORNEY | CASE NO. *10-006297-01-FC* *Chief COA#303261* Judge: *William B. Murphy* |
|---|---|---|

Court address *3020 W. Grand BLVD. suite 14-300 Det. Mich 48202*   Court telephone no.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant/Juvenile name, address, telephone no., and date of birth *Lamarr Valdez Robinson #221610* *Saginow correctional vacility* *9625 Pierce Rd* *Freeland Mich. 48623* |
|---|---|---|

---

**NOTICE OF RIGHT TO APPELLATE REVIEW** Note to Court: This Notice must be given to the defendant/juvenile at sentencing

1. You are entitled to appellate review of your conviction and sentence. This is done by filing either a "Claim of Appeal by Right" or an "Application for Leave to Appeal." If you pled guilty or nolo contendere, an appeal must be done by filing an application for leave to appeal.

2. Whether you appeal by right or apply for leave to appeal, if you cannot afford to hire an attorney to represent you on appeal and you request an attorney, the court will appoint an attorney and furnish the attorney with the portions of the transcript and record that the attorney needs.

3. A request for the appointment of an attorney must be made in writing and sent directly to the court at the address noted above within 42 days. The financial schedule on the back of this form must be completed.

---

**RECEIPT OF NOTICE OF APPEAL RIGHTS AND APPLICATION FOR LEAVE TO APPEAL**

On this day I received this form and financial schedule. I understand that I must return the completed Request for Appointment of Attorney to the court within 42 days if I want an attorney appointed for my appeal.

_____
Date

_____
Signature of defendant/juvenile

---

**REQUEST FOR APPOINTMENT OF ATTORNEY AND AFFIDAVIT OF INDIGENCY**

I request appointment of an attorney to appeal my conviction. If applicable, conditions for my request are on the back of this form. The affidavit of indigency and financial schedule on the back of this form is submitted to show my financial condition.

*11-27-12*
Date

*Lamarr Robinson #221610*
Signature of defendant/juvenile

NOTE TO DEFENDANT/JUVENILE: After completing the request for appointment of attorney and the affidavit of indigency and financial schedule, keep one copy for yourself and return the other copy to the court.

MCR 6.425(F)

CC 265  (3/06)  NOTICE OF RIGHT TO APPELLATE REVIEW AND REQUEST FOR APPOINTMENT OF ATTORNEY

Chief Judge : William B. Murphy
Michigan court of Appeals
Detroit office Cadillac Place
3020 West Grand Boulevard, Suite 14300
Detroit, Michigan 48202

People of Michigan
  Plaintiff
    V                   Case No. 10-006297-01-FC
Lamarr V. Robinson      COA# 303261
  Defendant

Lamarr Valdez Robinson
Defendant, in pro se
Inmate No. 221610
Saginaw Correctional Facility
9625 Pierce Road
Freeland Michigan 48623

RETURNED

DEC - 3 2012

COURT OF APPEALS
FIRST DISTRICT
LARRY S. ROYSTER
CHIEF CLERK

,

Kim L. worthy
Plaintiff
wayne county Prosecutor
1441 St. Antoine
Det, Michigan 48226

           Affidavit explaining delay

1

NOW comes the defendant, Lamarr V. Robinson
and avers under the penalties of perjury that:

1. on or about March 16, 2011 attorney Paul Daniel
curtis (P29737) was paid $8500.⁰⁰ to perfect an
appeal as of right as to the criminal conviction
of the defendant, in case No. 10.006297-01-FC,
Wayne County Circuit court.

2. As it relates to this matter, the defendant has
not seen, heard from, talked to, nor discussed
the aspects of the appeal.

3. Counsel, did however, file necessary documents
to docket the appeal, see court of Appeals case No.
303261

4. Due expressly to counsels inaction, the Michigan
court of Appeals dismissed the appeal for "want of
prosecution" on November 9, 2011 and fined counsel
$250 for allowing the appeal to appear on the
"Involuntary dismissal docket." see attached appendix A.

5. The defendant, as well as family members have
made numerous attempts to contact counsel and
correct this oversight 90 date, counsel has made no
attempt whatsoever to reinstate the appeal. see
Attached appendix B.

6. The defendant has commenced an investigation as well as a grievance against counsel in all matters concerning the cause. See attached Appendix C. The status of the grievance is pending. Id.

7. Counsel has a long history of defrauding unsuspecting clients. See attached Appendix D.

8. It is unlikely that the defendant will be able to recover the funds paid to counsel, and hence, it is virtually impossible for the defendant, as well as the defendants family, to come up with additional, or other funds with which to retain another appeal attorney

9. Due to no fault of his own, the defendant is now compelled to move the court to exercise it's authority under MCR 6.425 (6)(1)(b)("... The court shall liberally grant an untimely request as long as the defendant may file an application for leave to appeal.")

10. Given the constitutional nature of the right to appeal, in conjunction with ineffective assistance of counsel, the interest of Justice would most effectively be served by appointing counsel to the defendant in this particular case

References

11. Due process provisions of the fourteenth Amendment entitle a criminal defendant to the effective assistance of counsel in his first appeal as of right. Evitts v Lucey 469 us 387; 105 sct 830; 83 Led2d 821 (1985).

12. The constitutional right to assistance of counsel entitles a criminal defendant to the effective assistance of counsel. Powell v Alabama 287 us 45; 53 sct 55; 77 LEd 158 (1932); Glasse v us, 483 us 171 (1987)

13. Petitioner exhausted his state court remedies with respect to his Halbert [ Halbert v Michigan, 545 us 605 (2005) claim by presenting the issue, in pro per, to both the Michigan court of Appeals and Supreme Court, and neither court denied relief based upon a state procedural bar. Petitioner was entitled to the right to counsel for his first-tier review. Petitioner must be appointed counsel to file an application for leave to appeal in Michigan court of Appeals. Haan v Harry, unpublished opinion of 05-27-08 (ED Mich, #06-13478).

14. In lieu of granting leave to appeal, the Michigan supreme court remanded to the court of appeals to reinstate the appeal and consider defendants brief as timely filed. Defendant's attorney acknowledged that defendant did not contribute to the delay in filing, and defendant was deprived of his appeal of right because of counsel's ineffetiveness. People v Henderson, 485 Mich 1037 (2010)

15. Indigent defendants are entitled to appointed counsel in their first appeal as of right, Douglas V California, 372 US 353; 83 sct 814; 9 LEd2d 811 (1963). The right to appointed counsel does not, however, extend to subsequent discretionary appeals, in state or federal courts. Ross v Moffitt 417 US 600; 94 sct 2437; 41 LEd2d 341 (1974)

Wherefore, the defendant respectfully moves the court to accept as timely his request for the appointment of counsel, or alternatively, appoint counsel for reinstatement of appeal, or relief from judgment. Also the information of appeal lawyer Paul Daniel curtis's actions & appeal dismissal was mailed to Trial Judge Vera Massey Jones No. 15595 & the 3rd circuit court administrator. with an affidavit of indigency and financial schedule.

Respectfully Submitted,
Samuel V. Robinson 22/610

RETURNED
DEC 3 2012
COURT DISTRICT
FIRST DISTRICT
LARRY S. ROYSTER
CHIEF CLERK

Approved, SCAO

Original - Trial court
1st copy - Prosecutor
2nd copy - Defendant/Juvenile for return
3rd copy - Defendant/Juvenile

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>Wayne COUNTY | NOTICE OF RIGHT TO APPELLATE REVIEW<br>AND REQUEST FOR<br>APPOINTMENT OF ATTORNEY | CASE NO.<br>10-006297-01-FC<br>Judge: |
|---|---|---|

Court address 1441 St. Antoine, Detroit, Michigan 48226     Court telephone no.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant/Juvenile name, address, telephone no., and date of birth<br>Lamarr Valdez Robinson #221610<br>Saginaw Correctional Facility<br>9625 Pierce Road<br>Freeland, Michigan 48623 |
|---|---|---|

**NOTICE OF RIGHT TO APPELLATE REVIEW** Note to court: This notice must be given to the defendant/juvenile at sentencing.

1. You are entitled to appellate review of your conviction and sentence. This is done by filing a claim of appeal by right, or when you are not entitled to file a claim of appeal by right, an application for leave to appeal. If you pled guilty or nolo contendere, an appeal must be done by filing an application for leave to appeal.

2. Whether you appeal by right or apply for leave to appeal, if you cannot afford to hire an attorney to represent you on appeal and you request an attorney, the court will appoint an attorney and furnish the attorney with the portions of the transcript and record that the attorney needs.

3. A request for the appointment of an attorney must be made in writing and sent directly to the court at the address noted above within 42 days. The financial schedule on the back of this form must be completed.

### RECEIPT OF NOTICE OF APPEAL RIGHTS

On this day I received this form and financial schedule. I understand that I must return the completed Request for Appointment of Attorney to the court within 42 days if I want an attorney appointed for my appeal.

RETURNED

DEC - 3 2012

COURT OF APPEALS
FIRST DISTRICT
MARY S. ROYSTER
CHIEF CLERK

_____     _____
Date                    Signature of defendant/juvenile

### REQUEST FOR APPOINTMENT OF ATTORNEY AND AFFIDAVIT OF INDIGENCY

I request appointment of an attorney to appeal my conviction. If applicable, conditions for my request are on the back of this form. The affidavit of indigency and financial schedule on the back of this form is submitted to show my financial condition.

9-28-12
_____     Lamarr Valdez Robinson    #221610
Date                    Signature of defendant/juvenile

NOTE TO DEFENDANT/JUVENILE: After completing the request for appointment of attorney and the affidavit of indigency and financial schedule, keep one copy for yourself and return the other copy to the court.

MCR 6.425(F)

CC 265 (3/09) NOTICE OF RIGHT TO APPELLATE REVIEW AND REQUEST FOR APPOINTMENT OF ATTORNEY

State of Michigan
In the 3rd Judicial Circuit Court
For the County of Wayne

People of Michigan,
        Plaintiff,

                v                          Case No. 10-006297-01-FC

Lamarr V. Robinson,
        Defendant.

_____

Lamarr Valdez Robinson
Defendant, in pro se
Inmate No. 221610
Saginaw Correctional Facility
9625 Pierce Road
Freeland, Michigan 48623.


Kym L. Worthy
Plaintiff
Wayne County Prosecutor
1441 St. Antoine
Detroit, Michigan 48226

_____

RETURNED

DEC - 3 2012

COURT OF APPEALS
FIRST DISTRICT
LARRY S. ROYSTER
CHIEF CLERK


Affidavit Explaining Delay


1

Now comes the defendant, Lamarr V. Robersin and avers under the penalties of perjury that:

1. On or about March 16, 2011 attorney Paul Daniel Curtis (P29737) was paid $8,500.00 to perfect an appeal as of right as to the criminal conviction of the defendant, in Case No. 10.006297-01-FC, Wayne County Circuit Court.

2. As it relates to this matter, the defendant has not seen, heard from, talked to, nor discussed the aspects of the appeal.

3. Counsel, did however, file necessary documents to docket the appeal. See Court of Appeals Case No. 303261.

4. Due expressly to counsel's inaction, the Michigan Court of Appeals dismissed the appeal for "want of prosecution" on November 9, 2011 and fined Counsel $250 for allowing the appeal to appear on the "involuntary dismissal docket". See attached Appendix A.

5. The defendant, as well as family members have made numerous attempts to contact counsel and correct this

2

oversight. To date, counsel has made no attempt whatsoever to reinstate the appeal. See attached Appendix B.

6.   The defendant has commenced an investigation as well as a grievance against Counsel in all matters concerning the cause. See attached Appendix C. The status of the grievance is pending. Id.

7.   Counsel has a long history of defrauding insuspecting clients. See attached Appendix D.

8.   It is unlikely that the defendant will be able to recover the funds paid to counsel; and hence, it is virtually impossible for the defendant, as well as the defendants' family, to come up with additional, or other funds with which to retain another appeal attorney.

9.   Due to no fault of his own, the defendant is now compelled to move the Court to exercise it's authority under MCR 6.425 (G)(1)(b) ("... The court shall liberally grant an untimely request as long as the defendant may file an application for leave to appeal."). Further, in the event the defendant has lost the right of appeal, this Court may appoint counsel to pursue relief from judgment pursuant to MCR 6.505.

3

10.     Given the constitutional nature of the right to appeal, in conjunction with ineffective assistance of counsel, the interests of justice would most efficiently be served by appointing counsel to the defendant in this particular case.

    Wherefore, the defendant respectfully moves the Court to accept as timely his request for the appointment of counsel, or alternatively, appoint counsel for relief from judgment purposes.

            Respectfully submitted,

            Lamarr V. Robinzon #221610

            9-28-12

RETURNED

DEC - 3 2012

COURT OF APPEALS
FIRST DISTRICT
LARRY S. ROYSTER
CHIEF CLERK

cc:  File
     Wayne County Prosecutor.

4.



**COMMUNICATION FROM:**

## Michigan Court of Appeals

DETROIT OFFICE

Cadillac Place

3020 West Grand Boulevard, Suite 14-300

Detroit, MI 48202-6020

313/972-5678

Date: 04/01/2011

PEOPLE OF MI V LAMARR VALDEZ ROBINS ҆N
COA#: 303261
LC#: 10-006297 FC

The above *docket number has been
assigned* to your filing that was received
by this Court on 03/29/2011. Please use this
number on all future filings in this case.

TO:
CURTIS PAUL DANIEL
3000 EAST GRAND BLVD.
DETROIT  MI  48202-3184

# IN THE MICHIGAN COURT OF APPEALS

# ORDER

Re:  **People of MI v Lamarr Valdez Robinson**
Docket No.  **303261**
L.C. No.  **10-006297-01-FC**

Christopher M. Murray, Judge, acting under MCR 7.217 and MCR 7.219(I), orders:

The above appeal is DISMISSED for want of prosecution, appellant having failed to timely file the brief on appeal.

Paul Daniel Curtis (P29737), retained counsel for appellant, shall pay to the Clerk of this Court, within 21 days of the certification of this order, court costs in the sum of $250 for allowing this appeal to appear on the involuntary dismissal docket.  Such costs are personal to the attorney and shall not be charged back to the defendant.

The Clerk's Office is directed to mail a copy of this order to defendant, who is advised that MCR 7.217(D) provides a 21-day period in which to move for reinstatement of this appeal on a showing of mistake, inadvertence, or excusable neglect.  Such a motion must be filed with this Court within 21 days of the Clerk's certification of this order.

Judge Christopher M. Murray



A true copy entered and certified by Larry S. Royster, Chief Clerk, on

NOV - 9 2011

Date

Chief Clerk

WILLIAM B. MURPHY
CHIEF JUDGE
DAVID H. SAWYER
CHIEF JUDGE PRO TEM
MARK J. CAVANAGH
KATHLEEN JANSEN
E. THOMAS FITZGERALD
HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
WILLIAM C. WHITBECK
MICHAEL J. TALBOT
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS



KIRSTEN FRANK KELLY
CHRISTOPHER M. MURRAY
PAT M. DONOFRIO
KAREN FORT HOOD
STEPHEN L. BORRELLO
DEBORAH A. SERVITTO
JANE M. BECKERING
ELIZABETH L. GLEICHER
CYNTHIA DIANE STEPHENS
MICHAEL J. KELLY
DOUGLAS B. SHAPIRO
AMY RONAYNE KRAUSE
MARK T. BOONSTRA
MICHAEL J. RIORDAN
JUDGES

LARRY S. ROYSTER
CHIEF CLERK

## State of Michigan
## Court of Appeals
### Detroit Office

June 4, 2012

Lamarr Valdez Robinson - #221610
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Re: **People of MI v Lamarr Valdez Robinson**
Court of Appeals No. **221610**
Lower Court No. **10-006297-01-FC**

Dear Mr. Robinson:

The Court received your letter dated May 29, 2012, requesting information about this appeal. As you indicate in your letter, this appeal was dismissed by order entered November 9, 2011, for failure to file the required appellant's brief. No motion to reinstate was filed within the 21 days allowed by the court rules. See MCR 7.217(D). Therefore, appeal is closed.

Very truly yours,

Jerome W. Zimmer Jr.
District Clerk

cc: Paul Curtis
Wayne County Prosecutor

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN 48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN 48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN 48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://coa.courts.mi.gov

MARTHA D. MOORE
*CHAIRPERSON*

DAVID L. PORTEOUS
*VICE-CHAIRPERSON*

BARBARA B. SMITH
*SECRETARY*

*MEMBERS*
MARY M. FOWLIE
ROZANNE SEDLER
REV. DOUGLAS WARD GALLAGER
JEFFREY T. NEILSON
CHARLES S. KENNEDY III
PASTOR R.B. OUELLETTE

STATE OF MICHIGAN

# ATTORNEY GRIEVANCE COMMISSION

BUHL BUILDING
535 GRISWOLD, SUITE 1700
DETROIT, MICHIGAN 48226
TELEPHONE (313) 961-6585
WWW.AGCMI.COM

ROBERT L. AGACINSKI
*GRIEVANCE ADMINISTRATOR*

ROBERT E. EDICK
*DEPUTY ADMINISTRATOR*

CYNTHIA C. BULLINGTON
*ASSISTANT DEPUTY ADMINISTRATOR*

*ASSOCIATE COUNSEL*
WENDY A. NEELEY
RUTHANN STEVENS
STEPHEN P. VELLA
PATRICK K. McGLINN
FRANCES A. ROSINSKI
EMILY A. DOWNEY
KIMBERLY L. UHURU
NANCY R. ALBERTS
DINA P. DAJANI
RHONDA SPENCER POZEHL
TODD A. McCONAGHY
JOHN K. BURGESS

July 27, 2012

PERSONAL AND CONFIDENTIAL

Mr. Lamarr Robinson DOC # 221610
Saginaw CF
9625 Pierce Rd.
Freeland, MI 48623

Re:  Lamarr Robinson as to Paul Daniel Curtis
File No.  1598-12

Dear Mr. Robinson:

This letter is to acknowledge receipt of your Request for Investigation.

Your Request for Investigation is being assigned to a member of the Commission staff for review.  We must determine (1) if this is a matter that falls within the Commission's jurisdiction; (2) whether the facts you have provided indicate a violation of any of the rules which the Commission enforces; and (3) whether further investigation is warranted.

If further action is warranted, a full investigation will be instituted.  Upon completion of such an investigation the matter will be referred to the Commission for its consideration.  If we need additional facts or information from you, a member of our staff will be in touch with you to obtain them.

If, on the other hand, we determine after preliminary investigation that the complaints contained in your Request for Investigation do not merit further attention by the commission, you will be notified of that determination in writing.

Please be assured that we are acting as expeditiously as we can to give your matter careful attention.  You will receive written notice of our decision promptly after we conclude our work.

Thank you for bringing this matter to the attention of the Attorney Grievance Commission.

Very truly yours,

Ruthann Stevens
Senior Associate Counsel

RS/bt

{00117383.DOC}

MARTHA D. MOORE
*CHAIRPERSON*

DAVID L. PORTEOUS
*VICE-CHAIRPERSON*

BARBARA B. SMITH
*SECRETARY*

*MEMBERS*
MARY M. FOWLIE
ROZANNE SEDLER
REV. DOUGLAS WARD GALLAGER
JEFFREY T. NEILSON
CHARLES S. KENNEDY III
PASTOR R.B. OUELLETTE

**STATE OF MICHIGAN**

**ATTORNEY GRIEVANCE COMMISSION**

BUHL BUILDING
535 GRISWOLD, SUITE 1700
DETROIT, MICHIGAN  48226
TELEPHONE (313) 961-6585
WWW.AGCMI.COM

ROBERT L. AGACINSKI
*GRIEVANCE ADMINISTRATOR*

ROBERT E. EDICK
*DEPUTY ADMINISTRATOR*

CYNTHIA C. BULLINGTON
*ASSISTANT DEPUTY ADMINISTRATOR*

*ASSOCIATE COUNSEL*
WENDY A. NEELEY
RUTHANN STEVENS
STEPHEN P. VELLA
PATRICK K. MCGLINN
FRANCES A. ROSINSKI
EMILY A. DOWNEY
KIMBERLY L. UHURU
NANCY R. ALBERTS
DINA P. DAJANI
RHONDA SPENCER POZEHL
TODD A. McCONAGHY
JOHN K. BURGESS

September 07, 2012

**PERSONAL AND CONFIDENTIAL**

Lamarr Robinson # 221610
Saginaw CF
9625 Pierce Rd.
Freeland, MI 48623

Nicole Waller
14870 Tracey
Detroit, MI 48227

Paul Daniel Curtis
3000 E Grand Blvd
Detroit, MI 48202-3134

**Re:  Lamarr Robinson and Nicole Waller as to Paul Daniel Curtis
File No.  1598-12**

The above-referenced file has been assigned to Senior Associate Counsel Dina P. Dajani to investigate.  With this letter, a copy of Attorney Paul Daniel Curtis's answer is being provided to Lamarr Robinson.  It is the obligation of each party to maintain a current and accurate address and telephone number with this office.  Should either party wish to comment further, please direct all correspondence to Senior Associate Counsel Dina P. Dajani referencing the AGC file number above.

/rlf
Enclosure

{00123111.DOC}

MARTHA D. MOORE
*CHAIRPERSON*

DAVID L. PORTEOUS
*VICE-CHAIRPERSON*

BARBARA B. SMITH
*SECRETARY*

*MEMBERS*
MARY M. FOWLIE
ROZANNE SEDLER
REV. DOUGLAS WARD GALLAGER
JEFFREY T. NEILSON
CHARLES S. KENNEDY III
PASTOR R. B. OUELLETTE

**STATE OF MICHIGAN**

**ATTORNEY GRIEVANCE COMMISSION**

BUHL BUILDING
535 GRISWOLD, SUITE 1700
DETROIT, MICHIGAN 48226
TELEPHONE (313) 961-6585
WWW.AGCMI.COM

ROBERT L. AGACINSKI
*GRIEVANCE ADMINISTRATOR*

ROBERT E. EDICK
*DEPUTY ADMINISTRATOR*

CYNTHIA C. BULLINGTON
*ASSISTANT DEPUTY ADMINISTRATOR*

*ASSOCIATE COUNSEL*
WENDY A. NEELEY
RUTHANN STEVENS
STEPHEN P. VELLA
PATRICK K. McGLINN
FRANCES A. ROSINSKI
EMILY A. DOWNEY
KIMBERLY L. UHURU
NANCY R. ALBERTS
DINA P. DAJANI
RHONDA SPENCER POZEHL
TODD A. McCONAGHY
JOHN K. BURGESS

September 10, 2012

**PERSONAL AND CONFIDENTIAL**

Nicole Waller
14870 Tracey
Detroit, MI 48227

**RE:   Lamarr Robinson and Nicole Waller as to Paul D. Curtis**
**AGC File No. 1598-12**

Dear Ms. Waller:

Your request for investigation states that Mr. Curtis was paid a cash payment of $8,500 to represent Mr. Robinson in his criminal appeal. Please provide proof of that payment, such as a receipt from Mr. Curtis. Additionally, if you have a copy of a written retainer/fee agreement with Mr. Curtis, please provide a copy of that as well.

I would appreciate a response within two weeks of your receipt of this letter. Thank you for your cooperation.

Very truly yours,

Dina P. Dajani
Senior Associate Counsel

DPD/jmb
cc: Lamarr Robinson

{00123327.DOC}

PAUL DANIEL CURTIS
ATTORNEY AT LAW
3000 East Grand Boulevard
Detroit, Michigan 48202-3134
(313) 331-5265; Fax (313) 864-9840

2012 AUG 27  AM 3: 21
RECEIVED

Response to Request for Investigation 1598/12

August 26, 2012

Mr. Robinson solicited this counsel concerning representation after he was convicted before the Honorable Vera Massey-Jones.

The issues involved in the case were made complex by the witness(s) changing of the original statements made to the Detroit Police Department concerning the shooting of a young man at the BP Gas station located at West 7 Mile and Wyoming.

The Gas station closed circuit video tape was used by the prosecution at trial. The video tape was never provided to the trial court counsel as determined by this counsel after several months of seeking the discovery from Mr. Washington of the State Defender's Office. The discovery was not made available until after the Christmas/New Years holiday. No explanation was ever given why the numerous requests for the discovery/client file took so long to provide. Several of Mr. Washington's co-Defender was asked to intercede in getting the file without success.

The trial file was imperative due to the many conversations by way of 3 way calls from Mr. Robinson concerning the appeal and more importantly the video (DVD) of the close circuit recording which would purportedly show that the person who was alleged to have shot the victim at the gas station was not the defendant.

The Detroit Police and the Assistant Wayne County Prosecutor sought to undermine the eyewitness testimony of the shooting when a witness who was called by the prosecution was presented in such a way as to infer that the young man had something to do with the shooting. This tactic undermined the truth-seeking process of the trial and denied the defendant due process of law and a fair trial.

There were other witnesses who observed the alleged shooter who was riding on a BMX type bike and road past a "potential" witness who was never called by the prosecution or the defense at trial. This person was interviewed by the police, however, never called at trial.

A list of alibi witnesses, who were never called by the defense at trial, was reviewed with at least one of the persons interviewed over the telephone. This list was provided to counsel by petitioner's girlfriend who also met with counsel and facilitated the meeting between counsel and a witness who could shed light on the change in statements by at least one of the witnesses if not the critical witness who changed her "story" after leaving the jurisdiction and causing the first trial to be set over for several months.

Through some inadvertence counsel did not receive the communication from the Court of Appeals warning that the matter would be dismissed due to lack of prosecution.

An attempt to visit petitioner was rejected by the prison which stated to this counsel that they were restricting visits at that prison for just the visitation days which were available to the family of the prisoner. That the visitation rules had been administratively changed by the department of corrections.

Once counsel was informed of the dismissal for lack of prosecution step were taken to prepare a motion for leave to appeal, however, even at this point the Wayne County Assistant Prosecutor who tried the case refused to give a copy or provide a copy of the video to counsel. Counsel was told that a copy of the closed circuit video would be on "U-tube".

The discs provided by the trial attorney proved to be only audio recordings of jail conversations intercepted by the Wayne County Sheriff's Department and provided to the prosecution. Again the video recording(s) were absent.

Respectfully submitted,
Paul Daniel Curtis, P29737

Counsel was given permission to submit this response on August 27, 2012 after contacting the AGC office seeking more time to file this answer. Counsel spoke with Gina who answered the telephone at the AGC office.

This answer is being made without the benefit of the client file which was turned over to the "client" at the client's insistence. Mr. Robinson wanted the hospitalization records of the victim as well as the trial transcripts and witness statements. This request was from Mr. Robinson and his girlfriend.

⤓ All Content   ☑ My Emails   ☑ Shared Emails   🖨 My Files   🖥 Intranet   📂 File Shares   🖼 Images   👥 People   🔍 CRM                 Do more ▾

Advanced Search | Preferences | Help

@attorney=,paul curtis                              [ Search ]

Showing results 1 - 8 of 8.                                    Sort By: Relevance | Date ▾ | Attorney                          0.03 second 🔊

**CURTIS, Paul** Daniel-Notice Of Automatic                         1/10/2002
Reinstatement-Effective January 08, 2002
Paul Daniel **Curtis**, P-29737, Detroit, Michigan. ... Effective January 8, 2002. ... Respondent
was suspended from the practice of law in Michigan for 30 days effective ...
Concepts: respondent ; Michigan ; Paul Daniel Curtis ; affidavit of compliance ; practice of law ; suspension ; accordance ; Detroit
Type:      Notice
City:      Detroit
County:    Wayne
http://www.adbmich.org/coveo/notices/2002-01-10-01n-93a.pdf - 1 page
Quick View | Details | ☆☆

**CURTIS, Paul** D.-Notice Of Suspension With                       12/20/2001
Conditions (By Consent)-Effective December ...
(By Consent) ... Paul D. **Curtis**, P-29737, Detroit, Michigan, by Attorney Discipline Board Tri-
County ... Respondent's conduct was in violation of Michigan Rules of
Concepts: respondent ; Grievance Commission ; hearing panel ; misconduct ; law ; Michigan Rules ; payment fee ; remainder of Formal ;
          Professional ; interest-bearing ; allegations ; stipulation
Type:      Notice
City:      Detroit
County:    Wayne
http://www.adbmich.org/coveo/notices/2001-12-20-01n-93.pdf - 1 page
Quick View | Details | ☆☆

**CURTIS, Paul** D.-Notice Of Reprimand With                        11/12/1999
Condition-Effective October 21, 1999
Paul D. **Curtis**, P-29737, Detroit, Michigan, by the Attorney Discipline Board, Tri-County
Hearing Panel #21. ... Costs were assessed in the amount of $234.62.
Concepts: hearing panel ; respondent ; consent ; cause charging ; Grievance Administrator ; amount ; Costs ; misconduct
Type:      Notice
City:      Detroit
County:    Wayne
http://www.adbmich.org/coveo/notices/1999-11-12-99-030.pdf - 1 page
Quick View | Details | ☆☆

**CURTIS, Paul** D.-Notice Of Reprimand And                         11/1/1999
Probation With Restitution (By Consent)-Effecti...
(By Consent) ... Paul D. **Curtis**, P-29737, Detroit, Michigan, by Attorney ... Respondent
thereafter contacted the complainant and indicated that he was prepared to ...
Concepts: respondent ; complainant ; matter ; paid ; probation ; post-conviction relief ; law practice ; parties stipulated  ; Michigan Rules ; panel
          concluded ; numerous inquiries ; attorney fees
Type:      Notice
City:      Detroit
County:    Wayne
http://www.adbmich.org/coveo/notices/1999-11-01-98-99.pdf - 2 pages
Quick View | Details | ☆☆

**CURTIS, Paul** Daniel-Notice Of Automatic                         3/1/1999
Reinstatement-Effective March 15, 1999
Paul Daniel **Curtis**, P-29737, Detroit, Michigan. ... Effective March 15, 1999. ... Respondent
was suspended from the practice of law in Michigan for a period of 40 days ...
Concepts: Michigan Supreme Court ; respondent ; Paul Daniel Curtis ; affidavit of compliance ; practice of law ; suspension ; accordance ; Detroit
Type:      Notice
City:      Detroit
County:    Wayne
http://www.adbmich.org/coveo/notices/1999-03-01-98-135a.pdf - 1 page
Quick View | Details | ☆☆

**CURTIS, Paul** Daniel-Notice Of Suspension And                    2/1/1999
Restitution (By Consent)-Effective...
Paul Daniel **Curtis**, P-29737, Detroit, Michigan, by Attorney Discipline Board ... Respondent
entered a plea of no contest to allegations that he neglected the matter ...
Concepts: respondent ; complainant ; Michigan Rules ; request ; parties stipulated ; requested information ; Attorney Grievance Commission ;
          unearned portion ; criminal appellate ; practice of law ; Court of Appeals ; correspondence
Type:      Notice
City:      Detroit
County:    Wayne
http://www.adbmich.org/coveo/notices/1999-02-01-98-135.pdf - 1 page
Quick View | Details | ☆☆

**CURTIS, Paul** D.--Effective November 14, 1997                    11/14/1997
(By Consent) ... Paul D. **Curtis**, P-29737, Detroit, Michigan, by Attorney ... Respondent
entered a plea of no contest to allegations that he neglected the matter, ...
Concepts: respondent ; parties stipulated ; Michigan Rules ; Felony Firearm ; advanced fees ; conviction of Voluntary ; amount ; Costs ;
          Manslaughter
Type:      Notice
http://www.adbmich.org/coveo/notices/1997-11-14-95n-251.pdf - 2 pages
Quick View | Details | ☆☆

**CURTIS, Paul** D.--Effective January 07, 1997                     1/7/1997
Paul D. **Curtis**, P-29737, Detroit, Michigan, by Attorney ... v1) Reprimand; ... Respondent was
retained to represent the complainant in the appeal of a criminal ...
Concepts: respondent ; court ; client ; appellate action ; panel found ; criminal matter ; amount ; Costs ; representation ; complainant
Type:      Notice
http://www.adbmich.org/coveo/notices/1997-01-07-94n-188pdf - 1 page
Quick View | Details | ☆☆

ResultPage: 1

---

Document Type:
● Notice (8)

Attorney:
● Curtis, PaulD. (5)
● Curtis, Paul Daniel (3)

Year:
📅 2002 (1)
📅 2001 (1)
📅 1999 (4)
📅 1997 (2)

Save: Query | Filter

powered by ▶
**coveo**

## NOTICE OF AUTOMATIC REINSTATEMENT

Case No. 01-93-GA

**Notice Issued: January 10, 2002**

Paul Daniel Curtis, P-29737, Detroit, Michigan.

Effective January 8, 2002.

Respondent was suspended from the practice of law in Michigan for 30 days effective December 1, 2001.   In accordance with MCR 9.123(A), the suspension was terminated with the respondent's filing of an affidavit of compliance with the clerk of the Michigan Supreme Court on January 8, 2002.

## NOTICE OF SUSPENSION WITH CONDITIONS
### (By Consent)

Case No. 01-93-GA

**Notice Issued: December 20, 2001**

Paul D. Curtis, P-29737, Detroit, Michigan, by Attorney Discipline Board Tri-County Hearing Panel #19.

1.      Suspension - 30 Days;

2.      Effective December 1, 2001.

The respondent and the Grievance Administrator, through their respective counsel, filed a stipulation for a consent order of discipline in accordance with MCR 9.115(F)(5) which was approved by the Attorney Grievance Commission and accepted by the hearing panel.  The respondent pled no contest to the allegations that he failed to communicate with his client regarding the status of his matter; and failed to deposit an advance payment fee into an interest-bearing account in which no funds belonging to respondent or his law firm were being held.  Respondent's conduct was in violation of Michigan Rules of Professional Conduct 1.4 and 1.15(a).  The parties agreed that the remainder of Formal Complaint 01-93-GA may be dismissed and that respondent will be subject to conditions relevant to the established misconduct.

The hearing panel ordered that respondent's license to practice law be suspended for 30 days effective December 1, 2001 and that respondent be subject to conditions relevant to the established misconduct.  Costs were assessed in the amount of $186.60.

## NOTICE OF REPRIMAND WITH CONDITION

Case Nos. 99-030-MZ; 98-135-GA

Paul D. Curtis, P-29737, Detroit, Michigan, by the Attorney Discipline Board, Tri-County Hearing Panel #21.

1.    Reprimand with Condition.

2.    Effective October 21, 1999.

The Grievance Administrator filed a petition for order to show cause charging that respondent failed to comply with the hearing panel's consent order of discipline, entered in case number 98-135-GA, by failing to satisfy the terms and conditions within the time periods specified in that order. A hearing was conducted on September 17, 1999 and the hearing panel concluded that respondent had violated the consent order, specifically MCR 9.115(F)(5); MCR 9.119; and MCR 9.123(A). The hearing panel ordered that respondent be reprimanded with a condition relative to the established misconduct.

Costs were assessed in the amount of $234.62.

NOTICE OF REPRIMAND AND PROBATION WITH RESTITUTION
(By Consent)

Case Nos. 98-99-GA; 98-115-FA

Paul D. Curtis, P-29737, Detroit, Michigan, by Attorney
Discipline Board Tri-County Hearing Panel #6.

1)  Reprimand and Probation Six Months;

2)  Effective October 12, 1998.

The complainant retained respondent to pursue an appeal on
behalf of her son. Respondent was paid approximately $1000 to
research and investigate the matter. Respondent thereafter
contacted the complainant and indicated that he was prepared to
pursue the matter upon the payment of additional attorney fees.
Respondent was paid an additional $2,700. Respondent pled no
contest to allegations that he failed to pursue post-conviction
relief on behalf of the complainant's son; failed to respond to
the complainant's numerous inquiries as to the status of the
post-conviction relief; and failed to refund the $2,700 paid to
him for the purpose of pursuing an appeal.

The panel concluded that respondent's conduct violated MCR
9.104(1)-(4); and Michigan Rules of Professional Conduct 1.2(a);
1.3; 1.4; 1.5; 1.15(b); 1.16(d); 3.2; and 8.4(a)-(c).

The parties stipulated that respondent be reprimanded and
placed on probation for six months, subject to conditions
including monitoring of respondent's law practice and restitution
to the complainant in the sum of $2,700. Costs were assessed in
the amount of $183.26.

## NOTICE OF AUTOMATIC REINSTATEMENT

Case No. 98-135-GA

Paul Daniel Curtis, P-29737, Detroit, Michigan.

Effective March 15, 1999.

Respondent was suspended from the practice of law in Michigan for a period of 40 days effective December 22, 1998. In accordance with MCR 9.123(A), the suspension was terminated with the respondent's filing of an affidavit of compliance with the clerk of the Michigan Supreme Court on March 15, 1999.

## NOTICE OF SUSPENSION AND RESTITUTION
### (By Consent)

Case No. 98-135-GA

Paul Daniel Curtis, P-29737, Detroit, Michigan, by Attorney Discipline Board Tri-County Hearing Panel #21.

1) Suspension - 40 Days;

2) Effective December 22, 1998.

Respondent was retained and paid $5,100 to substitute in as counsel for the complainant in his criminal appellate case. Respondent entered a plea of no contest to allegations that he neglected the matter by failing to timely file the appropriate motions and the required filing fees with the Court of Appeals; failed to refund the unearned portion of the $5,100 fee; filed an untimely answer to the Request for Investigation; failed to produce a complete copy of his client file to the Attorney Grievance Commission upon request and subpoena; and failed to answer correspondence from the AGC or to otherwise provide the requested information.

Respondent pled no contest to charges that his conduct violated MCR 9.103(C); MCR 9.104(1)-(4) and (7); MCR 9.113(A) and (B)(2); and Michigan Rules of Professional Conduct 1.2(a); 1.3; 1.4; 1.5(a); 1.15(b); 1.16(d); 3.2; 8.1(b); and 8.4(a) and (c).

The parties stipulated that respondent be suspended from the practice of law in Michigan for a period of 40 days effective December 22, 1998, and make restitution to the complainant in the sum of $4,600. Costs were assessed in the amount of $47.69.

NOTICE OF REPRIMAND
(By Consent)

Case Nos. 95-251-GA; 95-284-FA

Paul D. Curtis, P-29737, Detroit, Michigan, by Attorney
Discipline Board Tri-County Hearing Panel #6.

1) Reprimand;

2) Effective November 14, 1997.

Respondent was paid $4,000 as advanced fees to represent the
complainant on an appeal of right from a conviction of Voluntary
Manslaughter and Felony Firearm. Respondent entered a plea of no
contest to allegations that he neglected the matter, in violation
of MCR 9.104(1)-(4); and Michigan Rules of Professional Conduct
1.1(a)-(c); 1.2(a); 1.3; 1.4; 3.2; and 8.4(a) and (c).

The parties stipulated that respondent be reprimanded.
Costs were assessed in the amount of $1,228.19.

NOTICE OF REPRIMAND

Case No. 94-188-GA

Paul D. Curtis, P-29737, Detroit, Michigan, by Attorney
Discipline Board Tri-County Hearing Panel #29.

1) Reprimand;

2) Effective January 7, 1997.

Respondent was retained to represent the complainant in the
appeal of a criminal matter. The panel found, by majority, that
respondent failed to take any appellate action on his client's
behalf in either the trial court or the Court of Appeals; and
failed to take steps to withdraw from the representation or to
advise his client of his inaction.

Respondent's conduct was found to be in violation of MCR
9.104(1)-(4); and Michigan Rules of Professional Conduct 1.1(c);
1.2(a); 1.3; 1.4; 1.16(d); 3.2; and 8.4(a) and (c).

Costs were assessed in the amount of $1,026.75.