UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR VALDEZ ROBINSON,

    Petitioner,           Civil No. 2:16-CV-12721
v.                            HONORABLE DENISE PAGE HOOD
                                CHIEF UNITED STATES DISTRICT JUDGE
CONNIE HORTON,

    Respondent.
_____/

**OPINION AND ORDER ON REMAND HOLDING
PETITION FOR A WRIT OF HABEAS CORPUS IN ABEYANCE**

This case is on remand from the United States Court of Appeals for the Sixth Circuit. For the reasons that follow, the Court holds the petition in abeyance so that petitioner can properly exhaust his sentencing claim with the state courts.

Petitioner sought habeas relief on his state court convictions. This Court denied petitioner's claims on the merits. *Robinson v. Horton*, No. 2:16-CV-12721, 2018 WL 3609547 (E.D. Mich. July 27, 2018).

The United States Court of Appeals for the Sixth Circuit vacated this Court's decision with respect to petitioner's claim that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or

1

admitted to by petitioner when scoring these guidelines variables under the Michigan Sentencing Guidelines. The Sixth Circuit concluded that petitioner did not properly exhaust this claim because he failed to fairly present the claim to the Michigan Supreme Court as part of the appellate court process. *Robinson v. Horton*, 950 F.3d 337, 343-46 (6th Cir. 2020). The Sixth Circuit noted that although this Court had denied the claim on the merits, the Sixth Circuit concluded that petitioner's Sixth Amendment claim was now potentially meritorious in light of their decision in *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th. Cir. 2018); *cert. den. sub nom. Huss v. Robinson,* 139 S. Ct. 1264 (2019), in which the Sixth Circuit found Michigan's mandatory sentencing guidelines scheme to be unconstitutional. *Id.,* at 347. The Sixth Circuit remanded the case to this Court to determine whether to dismiss the case without prejudice or hold the petition in abeyance while petitioner exhausts this claim in the state courts. *Id.*

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Petitioner could exhaust this claim by filing a post-conviction motion for

2

relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claim that he would raise in his post-conviction motion. See e.g. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of this issue in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. See *Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002). A federal district court has the discretion to stay a habeas petition in order

3

to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber*, 544 U.S. 269, 272-78 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, petitioner could assert that he did not properly raise this claim in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-

4

conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

**IT IS HEREBY ORDERED THAT:**

The habeas petition is held in abeyance. The petitioner must file a motion for relief from judgment in state court within **sixty (60)** days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. After the petitioner fully exhausts his claims, he shall file an amended petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings, along with a motion to lift the stay. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Dated: May 18, 2020

s/Denise Page Hood
Chief Judge, United States District

5