UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR ROBINSON,

        Petitioner,        Case No. 16-cv-12721

v.

                             Hon. Denise Page Hood

THOMAS WINN, Warden,

        Respondent.

_____/

## STIPULATION TO REMAND

Petitioner Lamarr Robinson and Respondent Thomas Winn, by and through their undersigned counsel, hereby stipulate and agree to the following:

(1) On May 6, 2022, Petitioner Lamar Robinson filed a motion to reopen the federal habeas case and lift the stay on proceedings. (ECF No. 29.) The following day, he also filed an amended habeas petition (ECF No. 30). His amended habeas petition presented only one issue: that his sentence was unconstitutional in light of *Alleyne v. United States*, 570 U.S. 99 (2013), and *People v. Lockridge*, 498 Mich. 358 (2015).

1

(2) On May 25, 2022, this Court entered an order directing the clerk of court to reopen this case and granted Mr. Robinson's motion to amend his habeas petition. (ECF No. 31.) The Court also ordered the Respondent to file a supplemental answer and Rule 5 materials.

(3) Since that time, the parties have conferred and reached a negotiated resolution of this matter.

(4) The parties agree that Mr. Robinson's sentence was imposed, in part, contrary to the constitutional mandates in *Alleyne* and *Lockridge*.

(5) The parties agree that a grant of conditional habeas relief and remand to the Wayne County Circuit Court, pursuant to *People v. Lockridge*, 498 Mich. at 397, and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), will afford Mr. Robinson relief that remedies the constitutional infirmity of his sentence.

(6) This Court should enter an order conditionally granting Mr. Robinson's amended petition for a writ of habeas corpus, limited to the *Alleyne* claim, with a specific remedy of a *Crosby* remand. The Wayne County Circuit Court must further comply with *People v. Howard*, 323 Mich. App. 239, 253 (2018), due to the case being heard

by a successor judge. The State must take action to conduct the *Crosby* remand within 180 days of this Court's order.

(7) The parties further agree and stipulate that if the State fails to take action as ordered, that this Court shall consider the issuance of an additional writ unconditionally releasing Petitioner from state custody.

**SO STIPULATED.**

Date: October 28, 2022

| | |
|---|---|
| s/Scott Shimkus (with consent) | s/ Amanda N. Bashi |
| Asst. Michigan Attorney General | Attorney for Lamarr Robinson |
| Criminal Trials & Appeals Division | Federal Community Defender |
| P.O. Box 30217 | 613 Abbott Street, 5th Floor |
| Lansing, MI, 48909 | Detroit, Michigan 48226 |
| 517-335-7650 | 313-967-5845 |
| E-mail: shimkuss@michigan.gov | E-mail: amanda_bashi@fd.org |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR ROBINSON,

        Petitioner,        Case No. 16-cv-12721

  v.

                              Hon. Denise Page Hood

THOMAS WINN, Warden,

        Respondent.

_____/

# ORDER CONDITIONALLY GRANTING AMENDED PETITION FOR A WRIT OF HABEAS CORPUS AND CLOSING ACTION

Having been advised in the premises and supporting authority, it is ordered:

(1) Petitioner Lamarr Robinson's amended petition for a writ of habeas corpus is CONDITIONALLY GRANTED; and

(2) The State must take action to conduct a *Crosby* remand pursuant to *People v. Lockridge*, 498 Mich. 358, 397 (2015), *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and *People v. Howard*, 323 Mich. App. 239, 253 (2018), within 180 days of the date of this order; and

4

(3) If the State fails to conduct such a proceeding, this Court shall consider the issuance of an additional writ unconditionally releasing Petitioner from state custody.

**SO ORDERED. THIS ACTION IS DESIGNATED AS CLOSED ON THE COURT'S DOCKET.**


Dated: October 28, 2022                    s/Denise Page Hood
                                           United States District Judge