UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR VALDEZ ROBINSON,

    Petitioner,　　　　　　Civil No. 2:16-CV-12721
　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD
v.

JAMES CORRIGAN,

    Respondent.
_____/

**<u>ORDER DENYING THE MOTION FOR IMMEDIATE RELEASE</u>**

Before the Court is petitioner's motion for immediate release (ECF No. 41). For the reasons that follow, the motion is DENIED.

This Court denied habeas relief to petitioner. *Robinson v. Horton*, No. 2:16-CV-12721, 2018 WL 3609547 (E.D. Mich. July 27, 2018). The United States Court of Appeals for the Sixth Circuit vacated this Court's decision with respect to petitioner's claim that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring the guidelines variables under the Michigan Sentencing Guidelines. The Sixth Circuit concluded that petitioner did not properly exhaust this claim because he failed to fairly present the claim to the Michigan Supreme Court as part of the appellate court process.

1

*Robinson v. Horton*, 950 F.3d 337, 343-46 (6th Cir. 2020). The Sixth Circuit found that although this Court had denied the claim on the merits, the Sixth Circuit believed that petitioner's Sixth Amendment claim was now potentially meritorious in light of their decision in *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th. Cir. 2018); *cert. den. sub nom. Huss v. Robinson*, 139 S. Ct. 1264 (2019), in which the Sixth Circuit found Michigan's mandatory sentencing guidelines scheme to be unconstitutional. *Id.*, at 347. The Sixth Circuit remanded the case to this Court to determine whether to dismiss the case without prejudice or hold the petition in abeyance while petitioner exhausts this claim in the state courts. *Id*. On remand, the case was held in abeyance to permit petitioner to exhaust additional claims in the state court.

On October 28, 2022, the parties submitted a stipulation that petitioner's sentence was imposed, in part, contrary to the constitutional mandates in *Alleyne v. United States*, 570 U.S. 99, 103 (2013) and *People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The parties further agreed that a writ of habeas corpus be granted and the case remanded to the Wayne County Circuit Court. On remand, the circuit court was to conduct a hearing, pursuant to *People v. Lockridge*, 498 Mich. at 397, and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), to determine whether or not the judge would have imposed the same sentence without

the sentencing guidelines. The parties also asked this Court to order the trial court to take action to conduct the *Crosby* remand within 180 days of this Court's order. This Court entered the requested order. (ECF No. 39.). The Court took the additional step of issuing Notice to the Wayne County Circuit Court regarding the habeas outcome and the potential consequences of the State's failure to take action within 180 days. (ECF No. 40).

Petitioner, through counsel, has now filed a motion for immediate release, on the ground that the trial court has yet to conduct the *Crosby* hearing.

Respondent has filed a response to the motion. Although acknowledging that a hearing has yet to be conducted, respondent notes that on the same day that the writ was granted, the Assistant Attorney General sent the conditional writ by e-mail to Assistant Prosecuting Attorneys (APAs) Jon Wojtala and Amanda Morris Smith in the appellate section of the Wayne County Prosecutor's Office. APA Wojtala provided assurance that they would timely comply with the conditional writ. The Wayne Circuit Court appointed counsel for petitioner on November 16, 2022. (Wayne County Register of Actions 10-6297-01-FC, attached as Attachment A to the response)(ECF No. 42-1, PageID.1841). Rachel Helton was appointed counsel; she is the same attorney who filed petitioner's state

3

motion for relief from judgment. (See ECF No. 30-1, PageID.1702, 1721, ECF No. 42-2, PageID.1843).

On April 7, 2023, one of petitioner's attorneys, Amanda Bashi, e-mailed Assistant Attorney General Scott R. Shimkus, who is representing the respondent, to find out who at the Wayne County Prosecutor's Office was handling the remand so that Ms. Bashi could facilitate contact between the prosecutor and Robinson's state defense counsel, Rachel Helton. Five minutes later, Mr. Shimkus contacted APA Amanda Morris Smith about Ms. Bashi's question. Less than an hour later, APA Morris Smith replied that APA Daniel Hebel had been the prosecutor on petitioner's direct appeal might handle the *Crosby* remand as well, copying Mr. Hebel on the email. Mr. Shimkus passed along APA Hebel's name to Ms. Bashi. No response was received by Mr. Shimkus.

Upon receipt of petitioner's motion on December 7, 2023, Mr. Shimkus immediately contacted the Wayne County Prosecutor's Office. In response, APA Jon Wojtala submitted an affidavit, attached to the state's response, which avers:

> 1. I am Chief of Research, Training, and Appeals for the Wayne County Prosecutor's Office.
>
> 2. On November 1, 2022, I was notified by the Office of the Michigan Attorney General of this Court's October 28, 2022 order conditionally granting Petitioner's amended petition for a writ of

4

habeas corpus, limited to his *Alleyne v. United States* claim, and ordered that "[t]he State must take action to conduct a *Crosby* remand ... within 180 days of the date of this order," or April 26, 2023.

3. On November 4, 2022, I sent a formal notice of the Court's order to the Homicide Unit of the Wayne County Prosecutor's Office with direction to have the matter placed on the Third Circuit Court hearing docket and heard before April 26, 2023. The appropriate docket for the hearing would be that of Hon. Shannon Walker, successor to the trial judge Hon. Vera Massey-Jones.

4. On December 7, 2023, I was informed by the Office of the Michigan Attorney General that Petitioner had moved for an unconditional writ of habeas corpus for immediate release from custody. The implication from the motion being that the State had failed to comply with the Court's order to conduct the *Crosby* proceeding within 180 days. At that point, I set out to determine the reasons for why that hearing did not timely occur.

5. Upon information and belief, on April 7, 2023, the Office of the Michigan Attorney General reached out to the Appellate Division of the Wayne County Prosecutor's Office to determine the identity of the Assistant Prosecuting Attorney assigned. It was conveyed to the AG that it was possible that Assistant Prosecutor Daniel Hebel was the assigned prosecutor. On May 3, 2023, counsel for Petitioner, Rachel Helton, reached out to Mr. Hebel to confirm he was assigned to the matter. Mr. Hebel responded that he was no longer the assigned prosecutor.

6. On December 8, 2023, and December 11, 2023, affiant communicated with the assigned Assistant Prosecuting Attorney, William Lawrence. According to Mr. Lawrence, on April 13, 2023, he was in the courtroom of Hon. Shannon Walker to discuss the scheduling of several outstanding cases, including Petitioner's case. At that time, the courtroom staff was unaware of any order from this Court for a *Crosby* proceeding. On June 26, 2023, Mr. Lawrence contacted Judge Walker's courtroom again inquiring about the status of the hearing. Ms. Helton was copied on his

email. Mary McCrary, Administrative Assistant for Judge Walker responded that the court had not received anything from the federal court regarding a *Crosby* hearing. Mr. Lawrence indicated that he personally went to Judge Walker's courtroom to show Ms. McCrary the Notice of Remand from this Court. That notice of remand was addressed only to "Wayne County Circuit Court," and not directly to Judge Walker's court, and requesting the state court to acknowledge receipt by returning a time-stamped copy of the notice. Ms. McCrary indicated to Mr. Lawrence that Judge Walker's court had not received any order or directive from the federal court on this case and, until such an order was received, no hearing could be docketed. Mr. Lawrence indicated that he had no recall of ever communicating with Ms. Helton, or any other attorney representing Petitioner, about this case. Mr. Lawrence received no response from Ms. Helton following his email to Judge Walker's courtroom on June 26, 2023.

7. On December 11, 2023, affiant communicated with Mary McCrary, Administrative Assistant for Judge Shannon Walker. Ms. McCrary indicated that the courtroom last had the court file for Petitioner's case on April 23, 2023, when she provided Petitioner with a copy of the verdict. Since then, the only communication she had about the case were the inquiries from Mr. Lawrence, the last being in June.

8. The above information is provided to the Court based upon matters of my own knowledge and upon information provided to me by other individuals.

9. If called to appear before this Court, affiant will appear to testify about the affidavit and to answer any questions the Court may have.

(ECF No. 43).

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus

6

when it becomes necessary. *See Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir. 2006). If, on the other hand, the respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.* When the state fails to cure the error, i.e., when it fails to comply with the conditions of a grant of a conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006). However, "*Satterlee* does not require immediate release in all cases where a term of the conditional writ was not performed precisely as ordered." *McKitrick v. Jeffreys*, 255 F. App'x 74, 76 (6th Cir. 2007). A district court may make exceptions when the state has "substantially complied" with the terms of the order. *Id.; See also Ward v. Wolfenbarger,* 342 F. App'x 134, 137 (6th Cir. 2009).

The Court denies petitioner's motion for an unconditional writ or for immediate release because the State of Michigan substantially complied with the terms of the conditional writ. First, the Wayne County Circuit Court did almost immediately appoint counsel to represent petitioner at his *Crosby* hearing, which shows some compliance with the Court's order. S*ee McKitrick v. Jeffreys*, 255 F. App'x 77 (State substantially complied with terms within

7

90 days, and thus release from state custody was not warranted, where counsel was appointed and a hearing date was set well within the 90-day time frame, but a continuance resulted in the imposition of a new sentence 91 days after the district court's order). Most of the delays here are due to some confusion within the Wayne County Prosecutor's Office over who would be assigned to represent the state at the *Crosby* remand. Some of the delay may also be attributable to the reassignment of the case from petitioner's trial judge, Judge Jones, now retired, to Judge Walker.

The broad discretion inherent in this Court's habeas powers includes the ability to determine "whether the state has provided a legitimate reason for its delay in executing the conditions set forth in the writ." *McKitrick v. Jeffreys*, 255 F. App'x at 76. The state has provided legitimate reasons for its delay in executing the writ.

More importantly, the writ in this case did not order a re-trial for petitioner or even a reduction of his sentence. Petitioner still stands convicted of assault with intent to murder, felon in possession of a firearm, and felony firearm for shooting 20-year-old Jamel Chubb execution-style at a gas station over a love triangle. *People v. Robinson*, No. 321841, 2015 WL 6438239, at *1 (Mich. Ct. App. Oct. 22, 2015). The writ was conditioned on the state conducting a *Crosby* hearing to determine whether the same

8

sentence should be imposed now that the sentencing guidelines are advisory rather than mandatory. If the judge determines that the sentence would remain the same, the sentence stands. *People v. Lockridge*, 498 Mich. at 396.

Petitioner is not entitled to release because the delays, while troubling, were not committed in bad faith but were the result of miscommunication between the various state entities. *See e.g. Lovins v. Parker*, 604 F. App'x 489, 491 (6th Cir. 2015). Secondly, petitioner's conviction is valid. It is only the length of his sentence that is at issue. Petitioner is not serving time on an invalid conviction nor has he served more than the statutory maximum for his sentences. *Id.*

This Court believes that respondent has substantially complied with the terms of the conditional grant, based on a request to the state court trial judge to schedule a hearing. The Court will deny the motion for immediate release at this time. The Court also grants respondent a ninety-day extension of time from the date of this order to again seek a hearing before the assigned state court trial judge to conduct a *Crosby* hearing. If no such hearing is held by the assigned state court trial judge, Petitioner may file a new motion for release, and Respondent may respond, as to why the Court should not issue

9

an unconditional writ releasing Petitioner from state custody based on the parties' stipulation.  (See ECF No. 39, PageID.1805).

Accordingly, IT IS HEREBY ORDERED that the motion for immediate release (ECF No. 41) is DENIED without prejudice. Respondent has an additional ninety (90) days from the date of this order to comply with the conditional writ.  The parties will submit a joint statement as to the status of the matter and/or Petitioner may file a new motion for release based on the parties' stipulation as noted above.

IT IS FURTHER ORDERED that Respondent serve a copy of:  1) this Order, 2) the Stipulation and Order Conditionally Granting Amended Petition for a Writ of Habeas Corpus (ECF No. 39) and 3) the Notice Remanding Case to Wayne County Circuit Court (ECF No. 41), to the Wayne County Prosecutor (and the assigned prosecutor), the Assigned State Court Trial Judge of the underlying case, and the Clerk of the Wayne County Circuit Court.  Respondent shall file a proof of service with this Court after service to the above entities.

                                            s/Denise Page Hood  
                                            Denise Page Hood  
                                            United States District Judge

Dated:  January 23, 2024